## WAGNER v GENTLE

Ohio Appeals, 9th Dist, Lorain Co

No 652.   Decided May 19, 1933

R. H. Rice; Elyria, and H. F. Holscher, Columbus, for plaintiff in error.

Newcomb, Newcomb & Nord, Cleveland, and Fauver & Fauver, Elyria, for defendant in error.

WASHBURN, PJ.

The newly discovered evidence related to a claimed injury suffered by Dorothy Gentle previous to said accident in April, 1929, but it is not claimed that she was asked any questions in reference thereto, and it is apparent that she cannot be charged with any fraud in connection therewith.

Under the circumstances of this case, the trial court could have properly granted a new trial on said application only in the event the court found that the newly discovered evidence was such as to raise at least a strong probability that a different result would have obtained had Wagner been able to produce such evidence at the trial, and also that Wagner could not with reasonable diligence have discovered and produced such evidence at the trial.

A careful consideration of the record before us, leads us to the conclusion that the trial court was clearly right in finding that said newly discovered evidence was not such as to probably require a different verdict or raise a probability that a different result would have obtained had such evidence been produced at the trial.

C., C., C. & I. R. R. Co. v Long, 24 Oh St 133.

Certainly there was no abuse of discretion in the court's refusal to grant the new trial.

See **Kroger, Admr., v Ryan, 83 Oh St 299, at p. 308.**

Having reached that conclusion, it is unnecessary to consider the question of due diligence.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.